**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Pension Fund, by and through its** | : | |
| **Board of Trustees, Michael DeGard,** | : | |
| **John T. Coli, Jr., Nicholas Micaletti,** | : | |
| **Stephanie Brinson, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg and** | : | |
| **Robert Sheehy,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | |
| **Board of Trustees, Michael DeGard,** | : | |
| **John T. Coli, Jr., Nicholas Micaletti;** | : | |
| **Stephanie Brinson, John McCarthy,** | : | **Case No.** |
| **Gregory T. Youmans, Carl S. Tominberg and** | : | |
| **Robert Sheehy,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727 Legal** | : | |
| **and Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **Michael DeGard, John T. Coli, Jr.,** | : | |
| **Nicholas Micaletti, Stephanie Brinson,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg and Robert Sheehy,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Parking Industry Labor Management** | : | |
| **Committee, by and through its Board** | : | |
| **of Trustees, John T. Coli, Jr.,** | : | |
| **James Buczek, and Michael Prussian,** | : | |
| | : | |
| **Plaintiffs.** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Capital Parking, L.L.C.,** | : | |
| | : | |
| **and** | : | |

1

James Weiss d/b/a Capital Parking      :
                                       :

           and                         :

Iman Bambooyani                      :

                Defendants.        :

## COMPLAINT

## INTRODUCTION

Plaintiffs bring this action against Defendants pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendants to pay delinquent contributions currently due and owing and that may become due during the pendency of this litigation plus interest, liquidated damages, attorneys' fees and costs and any other amounts permitted in equity or by law.

## JURISDICTION AND VENUE

1.     Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2.     The Defendants in this action are located in Cook County therefore jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3.     Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of section

302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

5.     The Pension Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the pension plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives contributions from employers that are parties to a collective bargaining agreement with the International Brotherhood of Teamsters Local Union No. 727 (the "Union").

6.     Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement"). *Exhibit A, Pension Fund Trust Agreement.* Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Pension Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

7.     Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C.

3

§§ 1002 and (37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

8. The Welfare Fund is administered by a Board of Trustees ("Welfare Trustees") in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The Welfare Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

9. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement"). *Exhibit B, Welfare Fund Trust Agreement.* Coli, Jr., Brinson, DeGard, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

10. Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly-administered, multiemployer employee benefit fund within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

11. The L&E Fund is administered by a Board of Trustees ("L&E Trustees") and exists for the exclusive purpose of providing legal and educational assistance to its participants

4

and defraying the reasonable expenses of administering the L&E Fund, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The L&E Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

12. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"), *Exhibit C, L&E Fund Trust Agreement*. Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

13. Plaintiff Parking Industry Labor Management Committee ("PILMC") is a labor management cooperation committee within the meaning of section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

14. The PILMC is administered by a Board of Trustees ("PILMC Trustees") and exists for the purpose of improving communications, expanding work opportunities and advancing common interests within the industry. The PILMC receives contributions from employers that are parties to a collective bargaining agreement with the Union.

15. Plaintiffs John T. Coli, Jr., James Buczek, and Michael Prussian are Trustees of the PILMC pursuant to the PILMC's Agreement and Declaration of Trust ("PILMC Trust Agreement"), *Exhibit D, PILMC Trust Agreement*. Plaintiffs Coli, Jr., Buczek, and Prussian's business address as Trustees of the PILMC is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

16.    Defendants James Weiss ("Weiss") and Iman Bambooyani ("Bambooyani") are individuals doing business as "Capital Parking".

17.    According to the Illinois Secretary of State records, Weiss and Bambooyani are managing members of Defendant Capital Parking L.L.C. ("Capital"), an Illinois limited liability corporation (collectively Capital, Weiss and Bambooyani are referred to as "the Capital Defendants"). *Exhibit E, Illinois Secretary of States' online records regarding the Capital Defendants.*

18.    The Capital Defendants are engaged in the business of providing valet parking services in Chicago, Illinois.

19.    The Capital Defendants are employers within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5).   The Capital Defendants' principal place of business is located at 4437 N. Ashland, Unit 1S, Chicago, Illinois 60640.

## RELATIONSHIP OF PARTIES

20.    On July 10, 2015, the Capital Defendants executed a commercial collective bargaining agreement ("Commercial CBA") with the Union, the terms of which extend from November 1, 2011 through October 31, 2016. *Exhibit F, Commercial CBA.*

21.    On September 12, 2014, the Capital Defendants executed a valet collective bargaining agreement ("Valet CBA") with the Union, the terms of which extend from July 1, 2013 through June 30, 2018. *Exhibit G, Valet CBA.*

22.    On or about October 31, 2014, the Capital Defendants executed a rider to the CBAs with the Union to specify the classification of certain locations. *Exhibit H, Rider.*

## DEFENDANTS' CONTRIBUTION OBLIGATION

## Collective Bargaining Agreement Obligations

23.     Article 20 of the Commercial CBA sets forth the Capital Defendants' obligation to contribute to the Pension, Welfare Fund and L&E Funds.  *Exhibit F, CBA, pp. 13-16.*

24.     Specifically, Article 20.1 and 20.4 sets forth the contribution rate to be paid by the Capital Defendants to the Welfare Fund on behalf of employees covered by the Commercial CBA; Article 20.2 and 20.4 sets forth the contribution rate to be paid to the Pension Fund on behalf of employees covered by the Commercial CBA; and Article 20.3 and 20.4 sets forth the contribution rate to be paid to the L & E Fund on behalf of employees covered by the Commercial CBA.  *Id.*

25.     Article 19 of the Valet CBA sets forth the Capital Defendants' obligation to contribute to the Welfare Fund and L&E Funds.  *Exhibit G, CBA, pp. 11-13.*

26.     Specifically, Article 19.1 sets forth the contribution rate to be paid by the Capital Defendants to the Welfare Fund on behalf of employees covered by the Valet CBA; Article 19.2 sets forth the contribution rate to be paid to the L & E Fund on behalf of employees covered by the Valet CBA.  *Id.*

27.     Article 20 of the Valet CBA sets forth the Capital Defendants' obligation to make contributions to the PILMC and the amount of contributions to be paid.  *Id., p. 13-14.*

## Trust Agreements

28.     Article 6, Section 6.01(b) of the Pension Fund, Welfare Fund, the L&E Fund and the PILMC's (collectively "the Funds") respective Trust Agreements includes a provision for the collection of delinquent contributions which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection.

*Exhibit A, Pension Fund Trust Agreement, p. 18; Exhibit B, Welfare Fund Trust Agreement, p. 19;*

*Exhibit C, L&E Fund Trust Agreement, pp. 18-19; Exhibit D, PILMC Trust Agreement, p. 21.*

29.     Further, Article 6, Section 6.02 of the Funds' respective Trust Agreements provides:

> The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for time of payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section.  An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the Plan or the rules and regulations [established by the Trustees].

*Exhibit A, Pension Fund Trust Agreement, pp. 18-19; Exhibit B, Welfare Fund Trust Agreement, pp. 19-20; Exhibit C, L&E Fund Trust Agreement, p.19; Exhibit D, PILMC Trust Agreement, p. 21.*

30.     Additionally, Article 6, Section 6.03 of the Funds' respective Trust Agreements provides:

> Each Employer and its affiliated or related companies or businesses shall furnish to the Trustees on demand the names of all employees, their Social Security numbers, the time worked by each employee, the Contributions due or payable to the Trust Fund, and such other information, including cash journals, wage and payroll records, income tax records, and other business records, as the Trustees or their agents may reasonably require in connection with the administration of the Trust. The Trustees, or their authorized representative, shall have the right to examine and audit the pertinent books and records (as determined by the Trustees) of each employer and its affiliated or related companies whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

*Exhibit A, Pension Fund Trust Agreement, p. 19; Exhibit B, Welfare Fund Trust Agreement, pp.20-21; Exhibit C, L&E Fund Trust Agreement, p.20; Exhibit D, PILMC Trust Agreement, p. 22.*

31.     Consistent with the Funds' respective Trust Agreements, the Trustees established policies and procedure for the collection of contributions which requires Employers to submit

8

signed remittance reports together with their monthly contributions.  The remittance report requires the Employer to identify the employees for whom contributions are due and owing, the number of hours worked by each employee, wages paid to each employee and the contribution amount owed for each Employer.  *Exhibit I, Collection Policy.*

32.     A copy of the Collection Policy was provided to the Capital Defendants.

## ERISA ENFORCEMENT

33.      Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on trustees to determine the contributions owed to the plan as well as a responsibility to assure full and prompt collection of all contributions owed to the plan.

34.     Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

35.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[I]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (I) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

## COUNT I

**Unpaid Contributions – Pension Fund**

36.     Plaintiffs incorporate by reference paragraphs 1 through 35 above as though fully set forth herein.

37.     Pursuant to the CBA executed by the Capital Defendants, the Capital Defendants are obligated to pay contributions to the Pension Fund on behalf of all employees performing bargaining unit work.

38.     Pursuant to payroll audits jointly conducted by the Plaintiff Funds in 2017 (the "Audit"), covering the period November 1, 2015 through July 31,2017. The audit found that the Capital Defendants are delinquent in its contributions to the Pension Fund in the amount of $9,321.40. *A copy of the Audit Report is attached hereto as Exhibit J.*

39.     As of February 5, 2019, interest on said delinquent contributions as to the Pension Fund as discovered in the Audit totals $1, 665.56 Interest will continue to accrue until the contributions are paid in full. *Id.*

40.     The Capital Defendants owe liquidated damages, as discovered by the Audit, to the Pension Fund in the amount of $1, 864.28. *See Ex. A § 6.02; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the accruing interest due on the delinquent contributions exceeds this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

41.     Pursuant to Section 6.02 of the Pension Fund's Trust Agreement (*Exhibit A)* and 29 U.S.C. § 1132(g)(2)(D), The Capital Defendants are obligated to reimburse the Plaintiff Pension Fund reasonable attorneys' fees and costs, including audit fees, that the Fund incurs to collect the contributions owed.

42.     Plaintiff has demanded payment of the amounts owed, but the Capital Defendants have failed and/or refused to pay the contributions.

43.     The Pension Fund has been economically harmed by the Capital Defendants' failure to make contribution payments as required by the CBA and the Trust Agreement.

44.     The Capital Defendants' failure and refusal to pay contributions to the Pension Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** Plaintiff Pension Fund prays that the Court grant the following relief:

A.  That the Court enter judgment in favor of the Plaintiff and against Defendant, and that Defendant be ordered to pay all contributions owed to the Pension Fund, plus interest, liquidated damages, audit fees, and reasonable attorney's fees and costs;

B.  That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

C.  That the Court order such other relief that the Court deems just and appropriate.

## COUNT II

### Unpaid Contributions – Health and Welfare Fund

45.     Plaintiffs incorporate by reference paragraphs 1 through 44 above as though fully set forth herein.

46.     The Audit also revealed that the Capital Defendants are delinquent in contributions to the Welfare Fund for the period beginning November 1, 2015 through July 31, 2017, in the amount of $59, 029.40. *See Ex. J.*

47.     As of February 5, 2019, interest on said delinquent contributions as discovered by the Audit to the Welfare Fund totals $10, 025.68**.** Interest will continue to accrue until the contributions are paid in full. *Id.*

48.     The Capital Defendants owe liquidated damages, as discovered by the Audit, to the Welfare Fund in the amount of **$11, 805.88**. *See Ex. B § 6.02; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the accruing interest due on the delinquent contributions exceeds this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

49.     Pursuant to Section 6.02 of the Welfare Fund's Trust Agreement (*Exhibit B)* and 29 U.S.C. § 1132(g)(2)(D), the Capital Defendants are required to reimburse the Fund for reasonable attorneys' fees and costs, including audit fees, that the Fund incurs to collect the contributions owed.

50.     The Welfare Fund has demanded payment of the amounts owed, but the Capital Defendants have failed and/or refused to pay the contributions.

51.     The Welfare Fund has been economically harmed by the Capital Defendants' failure to make contribution payments as required by the CBA and the Trust Agreement.

52.     The Capital Defendants failure and refusal to pay contributions to the Welfare Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

A. That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants, and that the Capital Defendants be ordered to pay all contributions owed to the Welfare Fund, plus interest, liquidated damages, audit fess, and reasonable attorney's fees and costs;

B.  That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

C.  That the Court order such other relief that the Court deems just and appropriate.

## COUNT III

### Interest and Liquidated Damages for Late-Paid Contributions Under

### Federal Common Law – Plaintiff Welfare Fund

53.     Plaintiffs incorporate by reference paragraphs 1 through 52 above as though fully set forth herein.

54.     Pursuant to the CBA and Welfare Fund Trust Agreement, the Capital Defendants are obligated to pay interest and liquidated damages to the Welfare Fund for late-paid contributions.

55.     As of the date of the filing of the instant Complaint, the Capital Defendants owe interest and liquidated damages to the Welfare Fund for late-paid contributions relating to work performed in in July 2013 through today's date.

56.     Plaintiff Welfare Fund has demanded payment of the interest and liquidated damages owed but the Capital Defendants have failed and/or refused to pay.

57.     The Welfare Fund has been economically harmed by the Capital Defendants' failure to pay interest and liquidated damages as required by the CBA and the Welfare Fund Trust Agreement.

58. The Capital Defendants' failure and refusal to pay interest and liquidated damages that Capital Defendants incurred, constitutes a violation of the CBA and the Welfare Fund Trust Agreements.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

A. That the Court enter judgment in favor of the Plaintiff Welfare Fund and against the Capital Defendants and that the Capital Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

B. That the Court enter judgment in favor of the Plaintiff Welfare Fund and against the Capital Defendants for any additional interest and liquidated damages that may be found due and owing to the Welfare Fund during the pendency of this litigation; and

C. That the Court order such other relief that the Court deems just and appropriate.

## COUNT IV

### Unpaid Contributions – Legal and Educational Assistance Fund

59. Plaintiffs incorporate by reference paragraphs 1 through 58 above as though fully set forth herein.

60. The Audit also revealed that the Capital Defendants are delinquent in contributions to the L & E Fund for the period beginning November 1, 2015 through July 31, 2017, in the amount of $8, 475.15. *See Ex. J.*

61. As of February 5, 2019, interest on said delinquent contributions as discovered by the Audit to the L & E Fund totals $1, 574.05**.** Interest will continue to accrue until the contributions are paid in full. *Id.*

62. The Capital Defendants owe liquidated damages, as discovered by the Audit, to the L & E Fund in the amount of **$**1, 574.05. *See Ex. C § 6.02; 29 U.S.C. § 1132(g)(2)(C).* Liquidated

14

damages may increase if and when the accrued interest due on the delinquent contributions exceeds this amount. *See Id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

63. Pursuant to Section 6.02 of *Exhibit C* and 29 U.S.C. § 1132(g)(2)(D), the Capital Defendants are required to reimburse the Fund reasonable attorneys' fees and costs, including audit fees, that the Fund incurs to collect the contributions owed.

64. The L & E Fund has demanded payment of the amounts owed, but the Capital Defendants have failed and/or refused to pay the contributions.

65. The L & E Fund has been economically harmed by the Capital Defendants' failure to make contribution payments as required by the CBA and the Trust Agreement.

66. The Capital Defendants' failure and refusal to pay contributions to the L & E Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the L & E Fund prays that the Court grant the following relief:

A. That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants, and that the Capital Defendants be ordered to pay all contributions owed to L & E Fund, plus interest, liquidated damages, audit fess, and reasonable attorney's fees and costs;

B. That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants for any additional contribution amounts that may be found due and owing to the L & E Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

C. That the Court order such other relief that the Court deems just and appropriate.

<u>**COUNT V**</u>

**Interest and Liquidated Damages for Late-Paid Contributions Under**

**<u>Federal Common Law – Plaintiff L&E Fund</u>**

67.     Plaintiffs incorporate by reference paragraphs 1 through 66 above as though fully set forth herein.

68.     Pursuant to the CBA and L&E Fund Trust Agreement, the Capital Defendants are obligated to pay interest and liquidated damages to the L&E Fund for late-paid contributions.

69.     As of the date of the filing of the instant Complaint, the Capital Defendants owe interest and liquidated damages to the L&E Fund for late-paid contributions relating to work performed in October 2018 to today's date.

70.     Plaintiff L&E Fund has demanded payment of the interest and liquidated damages owed but the Capital Defendants have failed and/or refused to pay.

71.     The L&E Fund has been economically harmed by the Capital Defendants' failure to pay interest and liquidated damages as required by the CBA and the L&E Fund Trust Agreement.

72.     The Capital Defendants' failure and refusal to pay interest and liquidated damages that incurred, constitutes a violation of the CBA and the L&E Fund Trust Agreement.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

A. That the Court enter judgment in favor of the Plaintiff L&E Fund and against the Capital Defendants and that the Capital Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

B. That the Court enter judgment in favor of the Plaintiff L&E Fund and against the Capital Defendants for any additional interest and liquidated damages that may be found due and owing to the L&E Fund during the pendency of this litigation; and

16

C. That the Court order such other relief that the Court deems just and appropriate.

## COUNT VI

### Unpaid Contributions – PILMC

73. Plaintiffs incorporate by reference paragraphs 1 through 72 above as though fully set forth herein.

74. The Audit also revealed that the Capital Defendants are delinquent in contributions to the PILMC for the period beginning November 1, 2015 through July 31, 2017, in the amount of $892.00. *See Ex. J.*

75. As of February 5, 2019, interest on said delinquent contributions as discovered by the Audit to the PILMC totals $172.74**.** Interest will continue to accrue until the contributions are paid in full. *Id.*

76. The Capital Defendants owe liquidated damages, as discovered by the Audit, to the PILMC in the amount of **$**178.40. *See Ex. d § 6.02; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the accruing interest exceeds this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

77. Pursuant to Section 6.02 of *Exhibit D* and 29 U.S.C. § 1132(g)(2)(D), the Capital Defendants are required to reimburse the Fund for reasonable attorneys' fees and costs, including audit fees, that the Fund incurs to collect the contributions owed.

78. The PILMC has demanded payment of the amounts owed, but the Capital Defendants have failed and/or refused to pay the contributions.

79. The PILMC has been economically harmed by the Capital Defendants' failure to make contribution payments as required by the CBAs and the Trust Agreement.

17

80.     The Capital Defendants' failure and refusal to pay contributions to the PILMC as required by the CBAs violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the PILMC prays that the Court grant the following relief:

A.     That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants, and that the Capital Defendants be ordered to pay all contributions owed to PILMC, plus interest, liquidated damages, audit fess, and reasonable attorney's fees and costs;

B.     That the Court enter judgment in favor of the Plaintiff and against the Capital Defendants for any additional contribution amounts that may be found due and owing to the PILMC during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

C.     That the Court order such other relief that the Court deems just and appropriate.

<u>**COUNT VII**</u>

**Interest and Liquidated Damages for Late-Paid Contributions Under**

<u>**Federal Common Law – Plaintiff PILMC**</u>

81.     Plaintiffs incorporate by reference paragraphs 1 through 80 above as though fully set forth herein.

82.     Pursuant to the CBA and PILMC Trust Agreement, the Capital Defendants are obligated to pay interest and liquidated damages to the PILMC for late-paid contributions.

83.     As of the date of the filing of the instant Complaint, the Capital Defendants owe interest and liquidated damages to the PILMC for late-paid contributions relating to work performed in October 2018 to today's date.

84.     Plaintiff PILMC has demanded payment of the interest and liquidated damages owed but the Capital Defendants have failed and/or refused to pay.

85.     The PILMC has been economically harmed by the Capital Defendants' failure to pay interest and liquidated damages as required by the CBA and the PILMC Trust Agreement.

86.     The Capital Defendants' failure and refusal to pay interest and liquidated damages that incurred, constitutes a violation of the CBA and the PILMC Trust Agreement.

**WHEREFORE,** the PILMC prays that the Court grant the following relief:

A.  That the Court enter judgment in favor of the Plaintiff PILMC and against the Capital Defendants and that the Capital Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

B.  That the Court enter judgment in favor of the Plaintiff PILMC and against the Capital Defendants for any additional interest and liquidated damages that may be found due and owing to the PILMC during the pendency of this litigation; and

C.  That the Court order such other relief that the Court deems just and appropriate.


Respectfully submitted,


ILLINOIS ADVOCATES, LLC

  s/ Cara M Anthaney
CARA M. ANTHANEY. ESQUIRE
WILLIAM TASCH, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL  60602
Office          (312) 346-2052
Facsimile       (312) 492-4804
Email   cara.anthaney@iladvocates.com
Email   William.Tasch@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No. 727 Benefit Funds and Trustees*

Dated:  February 8, 2019

<u>**CERTIFICATE OF SERVICE**</u>

I, Cara M. Anthaney, Esquire, hereby certify that I have this 9th day of February, 2019 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

R. Alexander Acosta, Secretary
U.S. Department of Labor
Office of Public Affairs
200 Constitution Ave., N.W.
Room S-1032
Washington, DC 20210


Steven Terner Mnuchi, Secretary
United States Department of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220


_____s/Cara M Anthaney_____
CARA M. ANTHANEY, ESQUIRE

Dated:  February 8, 2019

21