UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 727 PENSION FUND, TEAMSTERS LOCAL UNION NO. 727 HEALTH & WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, and PARKING INDUSTRY LABOR MANAGEMENT COMMITTEE, | ) ) ) ) ) ) ) | 19 C 837  Judge Gary Feinerman |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CAPITAL PARKING, LLC, JAMES WEISS, IMAN BAMBOOYANI, CAPITAL PARKING, BLK & WHT PARKING MANAGEMENT LLC, BLK & WHT VALET, LLC, and EZ PARKING, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Teamsters Local Union No. 727 Pension Fund, Teamsters Local Union No. 727 Health & Welfare Fund, Teamsters Local Union No. 727 Legal & Educational Assistance Fund, and Parking Industry Labor Management Committee (collectively, the "Funds") bring this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, against James Weiss, Iman Bambooyani, Capital Parking, Capital Parking, LLC, Blk & Wht Parking Management LLC, Blk & Wht Valet, LLC, and EZ Parking, LLC, alleging that Defendants are part of a valet parking enterprise that has failed to pay required contributions into the Funds. Doc. 52. The Funds allege that Weiss and Bambooyani are individually liable for the unpaid contributions. *Id*. at ¶¶ 5-8, 29-31, 41-45, 151-156, 158-165, 167-172, 174-177. Weiss and Bambooyani move under Civil Rule 12(b)(6) to dismiss the claims against them. Doc. 61. The motion is denied.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the Funds' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to the Funds as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Defendants provide valet parking services in Chicago. Doc. 52 at ¶ 38. Teamsters Local Union No. 727 and an entity referred to as "Capital Parking" have a commercial collective bargaining agreement and a valet collective bargaining agreement under which Defendants must make contributions to the Funds. *Id*. at ¶¶ 73-90. Defendants owe nearly $100,000 in unpaid contributions. *Id*. at ¶¶ 1, 104-106, 112-114, 120, 125-127, 138-140. While Defendants maintain that Plaintiffs may recover against only Capital Parking, LLC, *id*. at ¶ 2, Plaintiffs allege that each Defendant is liable, *id*. at ¶¶ 2-8.

Weiss and Bambooyani are or were the managers and owners for six limited liability companies—Capital Parking, LLC, Capital Parking Management, LLC, Capital Parking Management II, LLC, Capital Parking Services LLC, Blk & Wht Parking Management LLC, and Blk & Wht Valet, LLC—and are or were the managers and controlled at least four limited

2

liability companies—EZ Parking, LLC, I Wanna Park LLC, Parkjockey Chicago LLC, and Chicago Parking Reservations LLC—all in the valet parking business. *Id*. at ¶¶ 41-44. Weiss and Bambooyani failed to observe corporate formalities, failed to conduct the business of the entities separately, and commingled assets among the entities and themselves. *Id*. at ¶ 44. The Capital Parking and Blk & Wht entities used the same office staff and shared letterhead, had administrators who used email signatures listing both Capital Parking and Blk & Wht, used shared signs and logos, and represented themselves as "joint companies." *Id*. at ¶ 61. Additionally, "Defendants at times used Blk & Wht bank accounts to pay Capital Parking's contribution obligations." *Ibid*. Capital Parking, LLC is being wound down and EZ Parking, LLC now provides valet services at virtually all the locations at which Capital Parking and Blk & Wht provided valets. *Id*. at ¶¶ 63, 66. Approximately eighty-five percent of EZ Parking, LLC's employees were employees of Capital Parking or Blk & Wht, and EZ Parking, LLC's employees wear Capital Parking and Blk & Wht logos. *Id*. at ¶¶ 64-65. Four of the above-referenced entities have been involuntarily dissolved in the past ten years. *Id*. at ¶ 71. Seven of the entities have a shared street address and four are associated with another address, with both addresses associated with Bambooyani. *Id*. at ¶¶ 45-50, 52, 57-58, 67, 69-71. Bambooyani's LinkedIn.com profile states that he presently is the "managing partner" for "Capital Parking" and Blk & Wht Valet, LLC. *Id*. at ¶ 72.

**Discussion**

I. **Successor Liability and Joint Employer Liability**

The Funds allege that Weiss and Bambooyani are liable for the unpaid contributions under a successor liability theory because Blk & Wht Parking Management LLC, Blk & Wht Valet, LLC, and EZ Parking, LLC, operated by Weiss and Bambooyani, are carrying on the business of Capital Parking and Capital Parking, LLC *Id*. at ¶¶ 173-177. The Funds also allege

3

that Weiss and Bambooyani are liable based on a joint employer liability theory because they exert common control and ownership over the entity defendants and conduct the businesses in an interrelated manner. *Id.* at ¶¶ 166-172. Weiss and Bambooyani move to dismiss the counts alleging these theories on the ground that they are "premised on [Weiss and Bambooyani] being partners in a general partnership known as the 'Capital Parking' Defendants," Doc. 82 at 3, and that the operative complaint does not allege the existence of a partnership, Doc. 61 at 6. Because Weiss and Bambooyani does not explain why the successor and joint employer liability theories are premised on the existence of a partnership, they have forfeited their argument in support of dismissing those counts. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue … .").

## II. Veil Piercing/Alter Ego Liability

The Funds also allege that Weiss and Bambooyani are liable for the unpaid contributions under a veil piercing/alter ego theory. Doc. 52 at ¶¶ 157-165. Weiss and Bambooyani argue that this theory fails because the Funds "do not even bother to allege: (1) how any of the LLCs were undercapitalized; (2) how any of the LLCs are insolvent; (3) which assets were diverted and to whom; (4) how managers of the LLCs were nonfunctioning; (5) which duties Weiss and Bambooyani failed to perform and for which LLC; (6) what transaction(s) were not arms-length (not to mention who was a party to any transaction); (7) which corporate distinctions were not observed; and (8) which funds were comingled." Doc. 61 at 12; Doc. 82 at 7. Weiss and Bambooyani add that the Funds allege "that a fraud or injustice would occur without saying why." Doc. 61 at 13 (emphasis omitted).

4

Although the court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (internal quotation marks omitted), "[l]egal conclusions can provide the framework of a complaint so long as they are supported by factual allegations," *Catinella v. Cook Cnty.*, 881 F.3d 514, 517 (7th Cir. 2018) (internal quotation marks omitted). Put another way, although the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), determining whether a complaint pleads sufficient facts is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The operative complaint here alleges, among other things, that Weiss and Bambooyani operated valet parking locations using the same people and equipment, Doc. 52 at ¶¶ 2, 61, 100; used Blk & Wht bank accounts to pay Capital Parking's contributions, *id*. at ¶ 61; interchangeably used Blk & Wht and Capital Parking signs and uniforms, *ibid*.; Doc. 73 at 24; represented Blk & Wht Valet, LLC and Capital Parking, LLC as "joint companies," Doc. 52. at ¶ 61; formed a new entity for the purpose of evading financial obligations, *id*. at ¶ 63; provided parking services from a new entity in the locations operated by the previous entities, *id*. at ¶ 66; and failed to properly dissolve and wind up Capital Parking, LLC, *id*. at ¶ 101. The commingling of profits and payment from one entity's bank account to another's relates directly to at least one of the factors pertinent to the veil piercing/alter ego theory: the commingling of funds. *See Bridge v. New Holland Logansport, Inc*., 815 F.3d 356, 365 n.4 (7th Cir. 2016) (holding that "funds collected by one entity … deposited into the other's (separate) bank account" constitutes commingling); *Benzakry v. Patel*, 77 N.E.3d 1116, 1132 (Ill. App. 2017)

(holding that funds were commingled when money from a business was transferred to a personal account and other business accounts); *Steiner Elec. Co. v. Maniscalco*, 51 N.E.3d 45, 59 (Ill. App. 2016) (finding commingling when two corporations held a joint bank account). Moreover, the above-referenced allegations provide a factual basis for the reasonable inference that Weiss and Bambooyani have not abided by corporate formalities and that a unity of interest exists. *See Gajda v. Steel Sols. Firm, Inc.*, 39 N.E.3d 263, 272 (Ill. App. 2015) (holding that "comingling of funds, comingling of equipment, employees of one corporation [being] paid by funds of the other corporations," improper loans or sales of assts, and corporate operations out of the same locations support piercing the corporate veil). Finally, the operative complaint's allegation that Weiss and Bambooyani's enterprise is designed to allow Defendants to avoid paying the appropriate contributions, Doc. 52 at ¶¶ 3-6, provides a further factual foundation for the veil piercing/alter ego theory. *See UIRC-GSA Holdings Inc. v. William Blair & Co.*, 289 F. Supp. 3d 852, 860-61 (N.D. Ill. 2018) (St. Eve, J.) (holding that allegations that "RRA is … attempting to avoid its contractual responsibilities" and "ensure that [it] avoided liability" "are the type of compelling facts that suggest that adhering to the fiction of RRA and Rainier GSA's separate corporate existences would promote injustice").

At this stage of the proceeding, where the Funds have not had the chance to take discovery and all reasonable inferences must be drawn in their favor, the Funds have pleaded sufficient facts for their veil piercing/alter ego theory to survive. *See United States v. All Meat & Poultry Prods. Stored at LaGrou Cold Storage*, 470 F. Supp. 2d 823, 828 (N.D. Ill. 2007) (holding that allegations that the individual defendants owned and controlled the corporate defendants and failed to observe corporate formalities, and that the corporate defendants

operated as one integrated system, were sufficient for the veil piercing theory to survive a motion to dismiss).

## III. Partnership Liability

The Funds also allege Weiss and Bambooyani are liable for the unpaid contributions because they are partners with Capital Parking, LLC in an enterprise known as "Capital Parking." Doc. 52 at ¶¶ 5, 29-34, 150-156. In support, the Funds allege that "Capital Parking" executed collective bargaining agreements with Teamsters Local Union No. 727, *id.* at ¶¶ 73-79, 154, and that the failure to designate the signatory as a limited liability company indicates that the employer was not Capital Parking, LLC, but rather a partnership, *id.* at ¶ 152; Doc. 73 at 14. Weiss and Bambooyani argue that the partnership theory fails because: (1) "the mere act of leaving off an LLC or Inc. from a company name to a contract *alone*" does not create liability for Weiss and Bambooyani; and (2) "[t]here are *no* allegations in the complaint that either Weiss or Bambooyani ever directly represented to *anyone* that they were in a partnership with Capital Parking or allowed themselves to be held out as in a partnership." Doc. 61 at 6-8; *see* Doc. 82 at 1, 3-4. Neither argument persuades.

First, the complaint alleges that Weiss and Bambooyani "have been engaged in a joint enterprise, spanning a decade, pursuant to which they have been operating a valet parking business and dividing the profits therefrom." Doc. 73 at 12. Moreover, Bambooyani described himself on his LinkedIn.com profile as a "Managing partner" of "Capital Parking"—not a managing member, which would be the proper term if "Capital Parking" referred to an LLC. Doc 52 at ¶ 72; Doc. 73 at 12. That the collective bargaining agreements refer to "Capital Parking" as opposed to "Capital Parking L.L.C.," Doc. 52 at ¶¶ 73, 76, 79, is thus only one of several facts upon which the Funds rely for a reasonable inference that Capital Parking is a partnership.

7

Second, while representing oneself as a partner can confer partnership liability even when no partnership exists, *see* 805 ILCS 206/308(a); *Landreth v. Raymond P. Fabricius, P.C.*, 109 N.E.3d 225, 239 (Ill. App. 2018), the Funds argue that under 805 ILCS 206/306, no such representation is necessary where, as here, a partnership does exist, Doc. 73 at 17-18. Weiss and Bambooyani do not respond to the Funds' submission that 805 ILCS 206/306, not 805 ILCS 206/308(a), is the governing provision, thereby forfeiting any retort they might have had. *See Webb v. Frawley*, 906 F.3d 569, 581 (7th Cir. 2018) ("Webb has waived any counterarguments he may have had by not responding to Frawley's argument on this topic in his reply brief.").

**Conclusion**

Weiss and Bambooyani's motion to dismiss is denied. They shall answer the operative complaint by December 5, 2019.

November 21, 2019

United States District Judge